People v Blue (2020 NY Slip Op 04231)





People v Blue


2020 NY Slip Op 04231


Decided on July 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


1402/13 10931A 10931

[*1] The People of the State of New York, Respondent,
v
Anthony Blue, Defendant-Appellant.


Office of the Appellate Defender, New York (Christina Swarns of counsel), and Milbank LLP, New York (Joseph M. DaSilva of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on or about April 20, 2018, which denied defendant's CPL 440.10 motion, unanimously modified, on the law, and the matter remanded for consideration of defendant's constitutional speedy trial argument, and otherwise affirmed. Appeal from judgment (same court, Bruce Allen, J. at suppression hearing and CPL 30.30 motion; Ellen N. Biben, J. at jury trial and sentencing), rendered November 12, 2015, convicting defendant of five counts of burglary in the second degree, and sentencing him to five consecutive terms of five years, held in abeyance pending the outcome of the hearing on the CPL 440.10 motion.
In challenging the denial of his motion to vacate the conviction, defendant focuses on three separate perceived infirmities in the court's decision. One relates to his claim that both his statutory and constitutional rights to a speedy trial were violated, based on the passage of over two years between the filing of the indictment and the People's filing of their certificate of readiness. Another is concerned with his claim that trial counsel was ineffective insofar as she allegedly failed to adequately investigate an alibi defense. The third point defendant raises on appeal is that the indictment did not conform to the requirements of CPL 190.65(3), which requires the "foreman or acting foreman [of a grand jury] [to] file an indictment with the court by which it was impaneled."
With respect to the speedy trial issue, defendant contends, and the People concede, that the court analyzed the issue only under the statutory CPL 30.30 standard, and did not address defendant's constitutional speedy trial argument at all. Accordingly, the matter should be remanded so the court can assess the constitutional claim in the first instance. However, we agree with the court's rejection of the two other claims. Defendant argues that he was prejudiced by his attorney's failure to pursue two alibi witnesses who defendant claims would have testified that he was with them in Florida during the two months when the burglaries that were the basis of the indictment occurred. Each purported witness submitted an affidavit in connection with the motion to vacate the conviction asserting that they were willing to testify on defendant's behalf. One of the witnesses stated that defendant's lawyer never contacted her.
It is initially noted that the lawyer did not represent defendant at trial. She represented him until a little less than two years before trial, then served as his legal advisor when he decided to represent himself, and then stepped aside completely almost one year before trial. Indeed, defendant asserted in his motion that, after the attorney had been relieved as counsel (but was still his advisor), he personally arranged for a witness to come from Florida to testify, but that no testimony was taken because the People were not ready for trial. Thus, the record reflects that defendant had taken control of securing the witnesses' testimony; moreover, he offered no detail as to how counsel's involvement would have made a difference. It is further noted that the affidavits submitted by the proposed alibi witnesses fail to explain how those witnesses would [*2]actually prove that defendant was with them during the months in question. For these reasons, it cannot be said on this record that defendant has raised a factual issue whether he was actually prejudiced by any claimed deficient representation by counsel (see Strickland v Washington , 466 US 668, 694 [1984]).
Finally, there is no merit to defendant's argument that the court erred in summarily denying his claim that the indictment
did not conform to the requirements of CPL 190.65(3).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2020
CLERK